IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK MUSIC CORP., *et al.*, | : | No.  4:08-CV-0532 |
| Plaintiffs | : | |
| | : | Judge John E. Jones III |
| v. | : | |
| | : | |
| EMERSON'S PUB, INC. and | : | |
| DELVIN L. BRUCE, | : | |
| Defendants | : | |

## MEMORANDUM

March 18, 2009

This matter is before the Court on the plaintiffs' Motion for Judgment by

Default (Doc. 12).  For the reasons set forth below, the motion will be granted.

## I.     BACKGROUND

On March 24, 2008, the plaintiffs, owners of the copyrights in certain

musical compositions, filed the complaint in this action against defendants

Emerson's Pub, Inc. and its owner Delvin L. Bruce, asserting claims of copyright

infringement based on the public performance of their copyrighted works at the

defendants' establishment without a license and despite repeated letters and

contacts from plaintiffs' representatives informing the defendants of their potential

liability.  (Doc. 1.)  The plaintiffs seek an injunction permanently restraining

defendants from causing or permitting the copyrighted compositions from being

performed in their premises, statutory damages under 17 U.S.C. § 504(c)(1), and costs and attorney's fees.

On April 28, 2008, the plaintiffs returned executed summonses showing that the complaint has been personally served on the defendants on April 5, 2008. (Docs. 6, 7.)

The defendants having not answered or otherwise responded to the complaint, on May 21, 2008, pursuant to the plaintiffs' request (Doc. 8), the Clerk of the Court enter default against the defendants (Doc. 9.)

On February 11, 2009, plaintiffs filed a motion for default judgment (Doc. 12) and a brief in support thereof (Doc. 13).  The defendants have not responded to the motion, and in the nearly one year that this action has been pending have never appeared.

## II.   DISCUSSION

### A.   Entry of Default Judgment

Federal Rule of Civil Procedure 55(b)(2) grants courts the authority to enter default judgment against a party who has failed to pled or otherwise defend. "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."

*Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).  In this case, entry of default judgment is appropriate.  If default is denied, plaintiffs face the prejudice of being unable to proceed with this action and the potential continued infringement of their copyrighted works.  The defendants have asserted no defense to the plaintiffs' claims, which are well supported by their motion.  (*See* Aff. of Douglas Jones and Aff. of Vincent V. Carissimi, Doc. 13-2.)  Finally, the delay in this case is attributable solely to the defendants' willful refusal to appear or defend despite knowledge of this action.  The Court will therefore enter judgment in favor of the plaintiffs.

> ### B.    Injunctive Relief

The Copyright Act provides that a court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).  Therefore, the plaintiffs' allegation of infringement is taken as true for the purpose of the instant motion only and the court will issue a permanent injunction.

*See Rhino Assoc., L.P. v. Berg Mfg. & Sales Corp.*, C.A. No. 1:04-CV-1611, 2008 WL 144454, at *3 (M.D. Pa. Jan. 11, 2008).

## C.   Statutory Damages

The Copyright Act provides that an infringer of copyright is liable for either the copyright owner's actual damages or statutory damages.  17 U.S.C. § 504(a). The plaintiffs in this case have elected, pursuant to § 504(c)(1), to recover statutory damages, which are authorized "in a sum of not less than $750 or more than $30,000 as the court considers just." *Id.* § 504(c)(1).  Another district court in this circuit recently summarized, in a factually analogous case, the law governing a determination of statutory damages:

> Statutory damages serve the dual purposes of compensation and deterrence: they compensate the plaintiff for the infringement of its copyrights; and they deter future infringements by punishing the defendant for its actions.  In determining the amount of statutory damages, it is important that an infringer not reap a benefit from its violation of the copyright laws and that statutory damages should exceed the unpaid license fees so that defendant will be put on notice that it costs less to obey the copyright laws than to violate them.  In considering the appropriate amount of statutory damages, courts should consider (1) expenses saved and profits reaped by the infringer; (2) revenues lost by the plaintiff; (3) the strong public interest in insuring the integrity of the copyright laws; and (4) whether the infringement was willful and knowing or innocent and accidental.  In determining the just amount of statutory damages, the defendant's conduct is the most important factor.

*Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 544 (E.D. Pa. 2008).  Because the plaintiffs have requested statutory damages

4

in excess of the statutory minimum[1], the Court must consider whether the facts of

the complaint and the evidence adduced by the plaintiffs in their motion for default

judgment, provide a sufficient basis to determine whether the requested statutory

damages are just. *Id.* at 544-45.

The record in this case indicates that the plaintiffs repeatedly approached the

defendants, informed them of their infringement, and offered a license to perform

the copyrighted works at issue.[2]  (Jones Aff., Doc. 13-2.)  The defendants ignored

these warnings, refused these offers, and continued their infringement.  The

estimated licensing fees saved by the defendants and lost by the plaintiffs are

$4,703.92.  (*Id.*)  In addition, the plaintiffs incurred costs investigating and

documenting the defendants' infringement.  (*Id.*)  Given the plaintiffs' repeated

warnings, it is clear that the defendants' infringement was willful and knowing.

These circumstances justify an award of statutory damages above the statutory

minimum.  The facts of this case are highly analogous to those presented in

*Broadcast Music*, and the Court finds the thorough reasoning and sound conclusion

---

[1] There is some unclarity as to the amount of statutory damages requested by the plaintiffs.  In several places within their motion, they request $10,000 in statutory damages, consisting of $2,500 per each of four infringements.  (Doc. 13 at 1, 10, 13.)  However, elsewhere, the plaintiffs also request an award of statutory damages of "at least $8,000."  (*Id.* at 6.)

[2] Given the plaintiffs' thorough documentation submitted regarding damages, the Court finds no need for a hearing on the issue.  *See* Fed. R. Civ. P. 55(b)(2).

of the court in that case persuasive.  Like the *Broadcast Music* court, the Court in this case will award the plaintiffs statutory damages in the amount of $2,000 for each of the four infringements at issue, for a total of $8,000 in statutory damages.


**D.    Costs and Attorney's Fees**

The Copyright Act also provides that as a remedy for infringement, the court in its discretion may allow the recovery of full costs, including attorney's fees, by the prevailing party.  17 U.S.C. § 505.  A finding of bad faith is not required to award costs and fees, but neither are costs and fees awarded as a matter of course to every prevailing party.  *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 155-156 (3d Cir. 1986).  "Factors which should play a part include frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id.* at 156.

An award of costs and attorney's fees is appropriate in this case.  The defendants simply ignored the plaintiffs' repeated warnings of infringement and offers of a license, and continued to ignore the plaintiffs throughout this action. *Compare Broad. Music*, 555 F. Supp. 2d at 545-46.  The defendants' actions were objectively unreasonable, motivated by a complete disregard for copyright law, and

present a significant deterrence consideration.  Moreover, the plaintiffs should be compensated for the additional expenses of investigating, documenting, and litigating the defendants' infringement occasioned by the defendants' failure to comply with their legal obligations.  The Court finds that the rates and costs detailed in the affidavit submitted by the plaintiffs to be reasonable, and therefore, will award the full requested amount of $6,654.99 in costs and attorney's fees.

### E.    Interest

Although not expressly addressed by the plaintiffs, an award of post-judgment interest is mandatory, pursuant to 28 U.S.C. § 1961.  *See Dunn v. HOVIC*, 13 F.3d 58, 62 (3d Cir. 1993) ("[P]ost-judgment interest is awarded by statute as a matter of law so it is automatically added, whether or not the district court orders it."); *see also Broad. Music, Inc. v. Golden Horse Inn Corp.*, 709 F. Supp. 580, 581 (E.D. Pa. 1989) (holding in copyright infringement case that "Plaintiff is entitled to an award of postjudgment interest from the date of entry of this judgment as a matter of course").  Therefore, the Court will order interest be allowed on the monetary awards discussed above, consistent with § 1961.

**III.   CONCLUSION**

For the foregoing reasons, plaintiffs Motion for Judgment by Default will be granted.  Judgment will be entered in favor of the plaintiffs, and the defendants will be permanently enjoined from any further infringement of the plaintiffs' copyrights in any manner.  The plaintiffs will be awarded a total sum of $14,654.99, consisting of $8,000 in statutory damages pursuant to 17 U.S.C. § 504(c) and $6,654.99 in costs and attorney's fees pursuant to 17 U.S.C. § 505.  An appropriate order will be entered.